INGRAM, Judge.
This case involves an appeal from the involuntary commitment of Dorothy Juanita Jones (appellant) to the custody of the Alabama Department of Mental Health (Department).
Appellant’s daughter, Rita Manley, filed a petition for the involuntary commitment with the Probate Court of Mobile County, Alabama. In the petition, Mrs. Manley alleged, inter alia, that the appellant had broken into one home, had entered other homes uninvited, and had threatened to kill more than one person.
On September 15,1987, the probate court conducted a hearing. At the conclusion of the hearing, Mrs. Jones was committed to the Department. Mrs. Jones appeals.
On appeal, Mrs. Jones contends that the lower court erred in ordering her commitment, as there was not sufficient evidence to meet the requirements under § 22-52-10, Code 1975. That section codifies the elements which must be established in order to involuntarily commit someone for the treatment of mental illness. Specifically, Mrs. Jones claims that there was no showing of an overt act, as required by § 22-52-10(a)(3), which unequivocally demonstrated that the appellant posed a substantial harm to herself or to others.
After carefully reviewing the evidence, we find that there was clear, unequivocal, and convincing evidence produced to satisfy the requirements of § 22-52-10(a), including an overt act as called for in that statute. There was testimony that Mrs. Jones is often violent and had hit her daughter on several occasions. While in custody, it was testified to that Mrs. Jones threatened to kill two people and was violent and out of control. A clinical psychologist, Dr. C. Van Rosen, testified that Mrs. Jones is extremely psychotic and presents a real and substantial harm to herself and others. Dr. Rosen testified that, in his medical judgment, confinement is presently necessary for Mrs. Jones’s and the community’s safety. We find that the evidence presented did establish the requirement under § 22-52-10(a) and that the probate court properly admitted Mrs. Jones to the custody of the Department.
*556 This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.